# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00443-CR
## NO. 03-11-00444-CR

**Danny Randell Lott, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NOS. D-1-DC-10-904057 & D-1-DC-10-904056
### HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Danny Randell Lott pleaded guilty to aggravated robbery, aggravated kidnapping, and burglary of a habitation. The trial court assessed punishment at thirty-five years in prison for aggravated robbery, thirty-five years in prison for aggravated kidnapping, and ten years in prison for burglary, with the terms to run concurrently.

Lott's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744, by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Lott was sent a copy of counsel's

brief and was advised of his right to examine the appellate record and to file a pro se brief.  *See*

*Anders*, 386 U.S. at 744.  No pro se brief has been filed and no extension of time was requested.

We have reviewed the record and find no reversible error.  *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  The record contains DNA testimony, fingerprint comparisons, and eyewitness testimony tying Lott to the offenses.  The record contains testimony from the robbery/kidnapping victim about how Lott beat her with a gun butt, forced her to crawl to a bedroom, demanded that she get on a bed, and then, when she ran, caught her and threatened to shoot her.  There was testimony establishing that, when she nevertheless escaped, he broke into a neighbor's house and stole women's clothing and a stroller to cover his escape.  There was also testimony regarding his cash stash, his assumption of a new identity, and his plan for plastic surgery to alter his appearance.  His attorney called character witnesses and attempted to cast doubt on some of the State's evidence, eliciting testimony that the plastic surgery might simply have been for aesthetics rather than disguise. Lott's attorney also obtained an expert witness who testified that Lott's behavior and claimed amnesia was consistent with the effects sometimes induced by a medication Lott had begun taking shortly before these incidents.  The court sustained several of Lott's attorney's objections to evidence.  Appellant received punishments within the ranges for the offenses.[1]  There are no

---

[1] *See* Tex. Penal Code Ann. §§ 12.32 (first-degree offenses punishable by 5-99 years or life in prison), 12.33 (second-degree offenses punishable by 2-20 years in prison); 20.04 (aggravated kidnapping is a first-degree felony absent voluntary release in a safe place), 29.03 (aggravated robbery is a first-degree felony), 30.02 (West 2011) (burglary of a habitation is a second-degree felony absent commission of or an intent or attempt to commit a felony other than felony theft).

reversible errors apparent in the acceptance of the guilty plea, the admission of the evidence, the conduct of the trial, the performance of counsel, the punishment assessed, or otherwise.

We agree with counsel that the appeal is frivolous. Counsel's motions to withdraw are granted. The judgment of conviction is affirmed.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   August 31, 2012

Do Not Publish